UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BROADCAST MUSIC, INC.;
HOUSE OF CASH, INC.; CONCORD
MUSIC GROUP, INC. d/b/a JONDORA
MUSIC; CYANIDE PUBLISHING; TOKECO
TUNES; WACISSA RIVER MUSIC, INC.;
SONY/ATV SONGS LLC d/b/a SONY/ATV
TREE PUBLISHING; ROUND HILL MUSIC
LP d/b/a ROUND HILL WORKS; FLORIDA
CRACKER MUSIC,

Case No.

Hon.

        Plaintiffs,

v.

MADIGAN'S, LLC d/b/a MADIGAN'S;
WILLIAM SOURS and CHRISTOPHER
WARREN, each individually,

        Defendants.

---

HOWARD & HOWARD ATTORNEYS PLLC
By: Patrick M. McCarthy (P49100)
115 W. Huron Street, Suite 700
Ann Arbor, MI 48104
Direct – 734-222-1097
Fax – 734-761-5957
Email – pmccarthy@howardandhoward.com

---

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Concord Music Group, Inc. is a corporation doing business as Jondora Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Cyanide Publishing is a partnership owned by Robert Kuykendall, Richard A. Ream, Bruce Johannesson, and Bret M. Sychak. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Wacissa River Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Round Hill Music LP is a limited partnership doing business as Round Hill Works. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Florida Cracker Music is a sole proprietorship owned by W. Scott Emerick. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Defendant Madigan's, LLC is a limited liability company organized and existing under the laws of the state of Michigan, which operates, maintains and controls an establishment known as Madigan's, located at 250 W Chicago Rd., Allen, Michigan 49227, in this district (the "Establishment").

14. In connection with the operation of the Establishment, Defendant Madigan's, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15. Defendant Madigan's, LLC has a direct financial interest in the Establishment.

16. Defendant William Sours is a member of Defendant Madigan's, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

17. Defendant William Sours has the right and ability to supervise the activities of Defendant Madigan's, LLC and a direct financial interest in that limited liability company and the Establishment.

18. Defendant Christopher Warren is a member of Defendant Madigan's LLC with responsibility for the operation and management of that limited liability company and the Establishment.

19. Defendant Christopher Warren has the right and ability to supervise the activities of Defendant Madigan's, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

20. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 20.

21. Since February 2014, BMI has reached out to Defendants over thirty-five (35) times, by phone and mail, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

22. Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of

these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

23. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

24. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

25. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and

received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

26. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

28. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)   Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)   Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)  Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)  Plaintiffs have such other and further relief as is just and equitable.


Dated:  November 28, 2018        **HOWARD & HOWARD ATTORNEYS, PLLC**


\_\_\_/s/Patrick M. McCarthy_____
Patrick M. McCarthy
115 W. Huron Street, Suite 700
Ann Arbor, Michigan 48104
(734) 222-1097
pmccarthy@howardandhoward.com

*Attorney(s) for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Folsom Prison a/k/a Folsom Prison Blues |
| Line 3 | Writer(s) | John R. Cash a/k/a Johnny Cash |
| Line 4 | Publisher Plaintiff(s) | House of Cash, Inc. |
| Line 5 | Date(s) of Registration | 2/13/84    1/13/83    9/14/56    11/30/55 |
| Line 6 | Registration No(s). | RE 196-295    RE 153-380    Ep 102326    EU 418371 |
| Line 7 | Date(s) of Infringement | 2/7/16 |
| Line 8 | Place of Infringement | Madigan's |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Nothin' But A Good Time |
| Line 3 | Writer(s) | Bret Michael Sychak p/k/a Bret Michaels; Bruce Anthony Johannesson p/k/a C.C. DeVille; Robert Harry Kuykendall p/k/a Bobby Dall; Richard Ream p/k/a Rikki Rockett |
| Line 4 | Publisher Plaintiff(s) | Robert Kuykendall, Richard A. Ream, Bruce Johannesson and Bret M. Sychak, a partnership d/b/a Cyanide Publishing |
| Line 5 | Date(s) of Registration | 8/15/88 |
| Line 6 | Registration No(s). | PA 377-966 |
| Line 7 | Date(s) of Infringement | 2/7/16 |
| Line 8 | Place of Infringement | Madigan's |

| Line 1 | Claim No. | 3 |
|---|---|---|
| Line 2 | Musical Composition | How Do You Like Me Now |
| Line 3 | Writer(s) | Toby Keith, Chuck Cannon |
| Line 4 | Publisher Plaintiff(s) | Toby Keith Covel, an individual d/b/a Tokeco Tunes; Wacissa River Music, Inc. |
| Line 5 | Date(s) of Registration | 10/25/99 |
| Line 6 | Registration No(s). | PAu 2-449-381 |
| Line 7 | Date(s) of Infringement | 2/7/16 |
| Line 8 | Place of Infringement | Madigan's |

| Line 1 | Claim No. | 4 |
|---|---|---|
| Line 2 | Musical Composition | I Love This Bar |
| Line 3 | Writer(s) | Scott Emerick, Toby Keith |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing; Big Yellow Dog, LLC d/b/a Big Yellow Dog Music; Toby Keith Covel, an individual d/b/a Tokeco Tunes |
| Line 5 | Date(s) of Registration | 11/21/03 |
| Line 6 | Registration No(s). | PA 1-203-072 |
| Line 7 | Date(s) of Infringement | 2/7/16 |
| Line 8 | Place of Infringement | Madigan's |

| Line 1 | Claim No. | 5 |
|---|---|---|
| Line 2 | Musical Composition | I Ain't As Good As I Once Was a/k/a As Good As I Once Was |
| Line 3 | Writer(s) | Toby Keith Covel; Scotty Emerick |
| Line 4 | Publisher Plaintiff(s) | Toby Keith Covel, an individual d/b/a Tokeco Tunes; Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publlishing; Big Yellow Dog, LLC d/b/a Big Yellow Dog Music; W. Scott Emerick, an individual d/b/a Florida Cracker Music |
| Line 5 | Date(s) of Registration | 6/8/05 |
| Line 6 | Registration No(s). | PA 1-284-008 |
| Line 7 | Date(s) of Infringement | 2/7/16 |
| Line 8 | Place of Infringement | Madigan's |